UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                    Chapter 7

Kabbalah Taxi Inc., et al.,                                    Case No. 17-45743 (CEC)
                Debtors.
------------------------------------------------------------x
Bethpage Federal Credit Union,

              Plaintiff,

        v.                                                     Adv. Pro. No.: 18-1016 (CEC)

Evgeny Freidman aka Evgeny A Freidman,
Maserati Taxi Inc., Sshri Trans Corp.,
Monte Carlo Taxi Inc., Gstaad Taxi LLC,
Smirnoff Taxi, LLC, Provance Taxi Inc..
Young Cab Corp., Kabbalah Taxi Inc.,
Geneva Taxi Inc., Ferco Hacking Corp.,
Devil Dog Taxi LLC, Diamond Castle
Taxi Inc., and Barcelona Taxi Inc.

              Defendants.

------------------------------------------------------------x

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

APPEARANCES:

Matthew V Spero
Rivkin Radler LLP
926 Rexcorp Plaza
Uniondale, NY 11556
Attorneys for Plaintiff

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the unopposed motion (the "Motion") of Bethpage Federal Credit Union ("BFCU") for summary judgment against Evgeny Freidman ("Freidman") to recover on guaranties of loans made to business entities controlled by Freidman, and to dismiss Freidman's affirmative defenses. For the following reasons, it is recommended that judgment against Freidman be entered in the amount of is $21,345,911.42, plus interest at the statutory rate from the date of entry of judgment.

JURISDICTION

This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012.   This non-core proceeding is related to these bankruptcy cases. Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.), 980 F.2d 110, 114 (2d Cir. 1992).   A bankruptcy judge may hear a non-core proceeding that is related to a bankruptcy case. 28 U.S.C. § 157(c)(1).   Absent consent of the parties to entry of a final order, the bankruptcy judge is directed to submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings of fact and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected. Id. As the parties have not consented to the entry of a final order by the bankruptcy court, this matter is addressed by these proposed findings and conclusions.

BACKGROUND

Unless otherwise noted, the following facts are undisputed, or are matters of which judicial notice may be taken.

On July 30, 2014, BFCU entered into separate $1.5 million loan transactions (the "Loans") with the following entities: (1) Maserati Taxi Inc.; (2) SSHRI Trans Corp.; (3) Monte Carlo Taxi Inc.; (4) Gstaad Taxi LLC; (5) Smirnoff Taxi, LLC; (6) Provance Taxi Inc.; (7) Young Cab Corp.; (8) Kabbalah Taxi Inc.; (9) Geneva Taxi Inc.; (10) Ferco Hacking Corp.; (11) Devil Dog Taxi LLC; (12) Diamond Castle Taxi Inc.; and (13) Barcelona Taxi Inc. (collectively, the "Debtors"). (BFCU Stmt. of Undisputed Facts ¶¶ 16, 28, 37, 45, 54, 63, 72, 81, 90, 99, 108, 117, 126, ECF No. 7-1.)[1]   Each Loan required the respective Debtor to remit successive monthly payments of principal and interest, and each Loan had a maturity date of August 1, 2017.   (BFCU Stmt. of Undisputed Facts ¶¶ 17, 29, 38, 46, 55, 64, 73, 82, 91, 100, 109, 118, 127, ECF No. 7-1.)

On July 30, 2014, Freidman executed an absolute and unconditional guaranty for each of the Loans (the "Guaranties").   (BFCU Stmt. of Undisputed Facts ¶¶ 20, 32, 41, 49, 58, 67, 76, 85, 94, 103, 112, 121, 130, ECF No. 7-1.) Freidman was the president, managing member, sole director and/or sole or majority shareholder/member of each of the Debtors. (Freidman Decl. in Supp. of First Day Matters ¶ 1, Case No. 17-45743-CEC, ECF No. 7.)

Each Debtor defaulted under the terms of its respective Loan by failing to remit the payment due on March 1, 2017, or to make any payment thereafter. (BFCU Stmt. of Undisputed Facts ¶¶ 24, 33, 42, 50, 59, 68, 77, 86, 95, 104, 113, 122, 131, ECF No. 7-1.)

---

[1] Citations to "ECF No." are to documents filed in Adv. Pro. No. 18-1016-CEC, identified by docket entry number. Citations to "Case No. 17-45743-CEC, ECF No. []" are to documents filed in the main bankruptcy case, In re Kabbalah Taxi Inc., identified by docket entry number.

On April 14, 2017, BFCU commenced this action (the "Action") in the Supreme Court of the State of New York, New York County, against the Debtors seeking to recover on the Loans, and against Freidman, seeking to recover on the Guaranties.   (Compl., ECF No. 1 at 10-1063.) On July 14, 2017, Freidman and the Debtors filed an answer and asserted affirmative defenses. (Answer, ECF No. 1 at 1078-1173.)

On August 30, 2017, each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Jersey.[2] As a result, the Action against the Debtors is stayed pursuant to 11 U.S.C. § 362(a).

On April 20, 2018, BFCU filed the Motion.   Freidman did not appear at the hearing on June 7, 2018 or otherwise oppose the Motion.   On June 19, 2018, the Court issued an order granting summary judgment against Freidman and dismissing his affirmative defenses, and directing BFCU to settle a judgment, together with an affidavit attesting to the amount of the judgment from a representative of BFCU with knowledge of the matter.   (ECF No. 10.)

On June 20, 2018, BFCU filed a notice of settlement of proposed judgment of $21,345,911.42, consisting of $20,788,019.71 due and owing under the Loans and $557,891.71 for legal costs and expenses incurred by BFCU.   Freidman did not oppose the entry of the proposed judgment.

---

[2] The Debtors' bankruptcy cases are jointly administered pursuant to order dated September 5, 2017.   On October 30, 2017, venue of the Debtors' bankruptcy cases was transferred to this Court pursuant to 28 U.S.C. § 1412 and Rule 1014(b) of the Federal Rules of Bankruptcy Procedure.   (Case No. 17-45743-CEC, ECF No. 80.) On November 22, 2017, after venue of the Debtors' bankruptcy cases was transferred to this Court, BFCU removed the Action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1334(b) and 1452. On January 8, 2018, the Debtors' cases were converted to ones under chapter 7 of the Bankruptcy Code. (Case No. 17-45743-CEC, ECF No. 130.) On January 12, 2018, venue of the Action was transferred to the United States District Court for the Eastern District of New York, and on February 1, 2018, the Action was referred to this Court.

<u>STANDARD FOR SUMMARY JUDGMENT</u>

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling upon a summary judgment motion, the court's job is not to resolve disputed issues of fact, but to determine whether a genuine issue of fact exists. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 330 (1986). "When viewing the evidence, the court must 'assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in [the non-movant's] favor.'" <u>Weinstock v. Columbia Univ.</u>, 224 F.3d 33, 41 (2d Cir. 2000) (citing <u>Del. & Hudson Ry. Co. v. Consol. Rail Corp.</u>, 902 F.2d 174, 177 (2d Cir. 1990)), cert. denied, 540 U.S. 811 (2003). "The nonmoving party must show that there is more than a metaphysical doubt regarding a material fact and may not rely solely on self-serving conclusory statements." <u>Rosenman & Colin LLP v. Jarrell (In re Jarrell)</u>, 251 B.R. 448, 450–51 (Bankr. S.D.N.Y. 2000) (citations omitted).

"'[W]here, as here, a creditor seeks summary judgment upon a written guaranty, the creditor need prove no more than an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guarantee." <u>HSH Nordbank AG N.Y. Branch v. Street</u>, 421 F. App'x 70, 72 (2d Cir. 2011) (quoting <u>Kensington House Co. v. Oram</u>, 293 A.D.2d 304, 739 N.Y.S.2d 572, 572 (App. Div. 1st Dep't 2002)).   Additionally, "'[a]bsolute and unconditional guaranties ... [can] preclude guarantors from asserting a broad range of defenses under New York law.'" <u>Street</u>, 421 F. App'x at 73 (quoting <u>Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.</u>, 188 F.3d 31, 35 (2d Cir. 1999)). In this case, the Guaranties were absolute and unconditional. (<u>See</u> Jones Decl. at Exs. 2,

4

5, 8, 11, 14, 17, 20, 23, 26, 29, 32, 35, 38, ECF Nos. 7-9, 7-12, 7-15, 7-18, 7-21, 7-24, 7-27,

7-30, 7-33, 7-36, 7-39, 7-42, 7-45.)[3]

DISCUSSION

The undisputed facts established that the Debtors entered into the Loans with BFCU,

defaulted under the terms of the Loans, and that Freidman's Guaranties were absolute and

unconditional.   As such, on June 19, 2018, an order was entered awarding BFCU summary

judgment against Freidman on its claims to recover under the Guaranties and dismissing the

affirmative defenses.   (ECF No. 10.)

In support of its calculation of the proposed judgment, BFCU filed the declaration of

Lawrence Jones, the Senior Vice President of Lending at BFCU. In the declaration, Mr. Jones

states that, upon his review of BFCU's business records relating to the Loans, and from his

"personal knowledge of how [the business records] are kept and maintained," the total amount

owed to BFCU as of June 19, 2018 is \$21,345,911.42, consisting of \$20,788,019.71 due and

owing under the Loans and \$557,891.71 for legal costs and expenses incurred by BFCU. (Jones

Decl., ECF No. 11-2.)   Annexed to Jones's declaration is a schedule specifying the amount

owed by each Debtor.   (Jones. Dec. at Ex. A, ECF No. 11-3.)

---

[3] Paragraph 1 of each of the guaranties provides in pertinent part: "Guarantor hereby unconditionally guarantees the full, prompt, complete and faithful performance, payment, observance and fulfillment by Borrower of all of the obligations, covenants and conditions contained in the Loan Documents (including any and all amendments, modifications and supplements thereto which may be hereafter executed), and by this Guaranty Guarantor does hereby promise, in the event Borrower Defaults on any payment due Lender under the Documents, after written notice and beyond any applicable grace and/or cure period, to promptly make such payment to Lender upon Lender's written request so to do, notwithstanding any non-recourse or other provisions in the Loan Documents to contrary. If any default shall occur and, after written notice and beyond the expiration of any grace period applicable under the terms of the Note and/or the other Loan Documents, if Lender shall declare the Note to be immediately due and payable, then Guarantor shall, upon demand, pay to Lender all amounts remaining unpaid under the Note and the other Loan Documents."   (Guaranty ¶ 1, Jones Decl. at Exs. 2, 5, 8, 11, 14, 17, 20, 23, 26, 29, 32, 35, 38, ECF Nos. 7-9, 7-12, 7-15, 7-18, 7-21, 7-24, 7-27, 7-30, 7-33, 7-36, 7-39, 7-42, 7-45.)

5

Freidman did not oppose the calculation of the proposed judgment or challenge the admissibility of Jones's Declaration or the exhibit thereto.    As such, BFCU should be awarded judgment in the amount of $21,345,911.42, plus interest at the statutory rate from the date of entry of judgment.



**Dated: Brooklyn, New York**
**July 20, 2018**

**Carla E. Craig**
**United States Bankruptcy Judge**

6